THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| GOOD CLEAN LOVE, INC., an Oregon corporation; and VAGINAL BIOME SCIENCE, INC., an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EPOCH NE CORPORATION, a Washington corporation; and LAWRENCE LUO, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:24-mc-00738-AMA-JCB<br><br><br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Jared C. Bennett |

District Judge Ann Marie McIff Allen referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Petitioner BPI Labs, Inc.'s ("BPI") Motion for Reimbursement of Reasonable Costs and Fees against Plaintiffs Good Clean Love, Inc. and Vaginal Biome Science, Inc. (collectively, "Plaintiffs").[2] Based upon the analysis set forth below, the court denies BPI's motion because BPI cannot meet its burden to obtain sanctions under Fed. R. Civ. P. 45(d)(1) and has not complied with Rule 45(d)(2) for purposes of obtaining cost-shifting to Plaintiffs.

---

[1] ECF No. 3.

[2] ECF No. 1.

## BACKGROUND

Plaintiffs served BPI with a subpoena under Rule 45 seeking third-party discovery in a lawsuit pending in the District of Oregon.[3] Although BPI properly served objections to the subpoena upon Plaintiffs, Plaintiffs never moved to compel compliance, and BPI never moved for a protective order, to quash, or to modify the subpoena. Instead, BPI produced materials after repeatedly meeting and conferring with Plaintiffs, during which the parties stipulated to narrow certain requests. Eventually, BPI completed its production.

BPI now seeks reimbursement for expenses it incurred to produce materials responsive to the subpoena.[4] Specifically, BPI asserts that Plaintiffs should be sanctioned under Rule 45(d)(1) for failing to take reasonable steps to minimize BPI's production burden. Although BPI relies on Rule 45(d)(1), it also appears to incorporate fee-shifting arguments, which fall under Rule 45(d)(2).

Plaintiffs oppose BPI's motion, claiming that they took reasonable steps to avoid imposing undue burden or expense upon BPI.[5] Plaintiffs contend that their subpoena was narrowly tailored to obtain relevant information that was not disproportionate to the needs of the case. Additionally, Plaintiffs argue that BPI's cost-shifting arguments are inappropriate because they fall under Rule 45(d)(2).

The court's explanation for denying BPI's motion consists of two parts. First, the court explains the different standards and burdens in Rule 45(d)(1) and Rule 45(d)(2). Second, the

---

[3] *Good Clean Love, Inc. v. Epoch NE Corp.*, No. 6:21-cv-01294-AA (D. Or.).
[4] ECF No. 1.
[5] ECF No. 10.

court applies the relevant Rule 45(d)(1) standards and concludes that BPI fails to carry its burden.

## ANALYSIS

I. **The Standards and Burdens of Rule 45(d)(1) and Rule 45(d)(2).**

Although related in their objective to protect third parties from bearing the costs of litigation of which they are not a part, Rule 45(d)(1) and Rule 45(d)(2) impose very different standards and burdens. To elucidate these standards and burdens below, the court: (A) discusses the standards and burdens under Rule 45(d)(1); (B) describes the standards and burdens under Rule 45(d)(2); and (C) discusses the relevant differences between the two provisions as to BPI's motion.

A. <u>The Burdens and Standards of Rule 45(d)(1)</u>.

Rule 45(d)(1) imposes sanctions as the means to enforce counsel's duty to "take reasonable steps to avoid imposing *undue* burden or expense on a person subject to [a] subpoena."[6] Rule 45(d)(1) relies heavily on the sanction standards in Fed. R. Civ. P. 26(g) and "specifies liability for earnings lost by a non-party witness as a result of a *misuse* of [a] subpoena."[7] Along that line, some courts have adopted a commentator's view that Rule 45(d)(1) sanctions are reserved for a subpoena "that is so far beside the mark as to be patently *unreasonable*."[8] Although there is relatively little case law defining what is required to obtain

---

[6] Fed. R. Civ. P. 45(d)(1) (emphasis added).

[7] Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment (emphasis added).

[8] *Williams v. City of Dallas*, 178 F.R.D. 103, 112 (N.D. Tex. 1998) (quotations and citation omitted) (emphasis in original).

sanctions under Rule 45(d)(1),[9] courts that have so opined use several factors: (1) whether the subpoena was issued "in bad faith, for an improper purpose, or in a manner inconsistent with existing law";[10] (2) whether the subpoena violates one of the Rule 26(g) duties (i.e., whether the requesting party signed the subpoena, whether the requesting party is not issuing the subpoena for an improper purpose, and whether the subpoena is not unreasonable or unduly burdensome);[11] (3) "the person's status as a non-party";[12] (4) "the relevance of the discovery sought";[13] (5) "the subpoenaing party's need for the documents";[14] (6) "the breadth of the request,"[15] including the time period requested,[16] taking into account that overbreadth, by itself, is not enough to impose sanctions;[17] and (7) "the burden imposed on the subpoenaed party,"[18] including whether the requesting party was willing to negotiate the subpoena's scope to reduce

---

[9] *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013) (recognizing dearth of authority on factors for imposing sanctions under Rule 45(d)(1)).

[10] *Id.* The court also notes, however, that bad faith is not necessary to impose Rule 45(d)(1) sanctions. *See, e.g.*, *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 428 (9th Cir. 2012) ("[B]ad faith is a sufficient ground for sanction, but it is not a necessary ground if Rule 45([d])(1) is otherwise violated in good faith."). This court considers it a factor but not a necessity.

[11] *Blueberry Hill Home Owners, Inc. v. Am. Fam. Mut. Ins. Co.*, No. 21-cv-378-WJM-SKC, 2022 WL 2953040, at *3 (D. Colo. July 26, 2022).

[12] *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, No. 11-cv-01611-MSK-CBS, 2014 WL 1257762, at *21 (D. Colo. Mar. 27, 2014) (quotations and citation omitted).

[13] *Id.* (quotations and citation omitted).

[14] *Id.* (quotations and citation omitted).

[15] *Id.* (quotations and citation omitted).

[16] *Blueberry Hill Home Owners, Inc.*, 2022 WL 2953040, at *3.

[17] *Legal Voice*, 738 F.3d at 1185 ("[T]he district court need not impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy, which we have said should not give rise to sanctions.").

[18] *W. Convenience Stores, Inc.*, 2014 WL 1257762, at *21 (quotations and citation omitted).

the burden.[19] Courts have discretion as to the weight they give to these factors in determining whether to impose sanctions under Rule 45(d)(1).[20]

      B.   The Burdens and Standards of Rule 45(d)(2).

Whereas Rule 45(d)(1) requires courts to impose sanctions for the "misuse of [a] subpoena,"[21] Rule 45(d)(2) requires courts to "protect" subpoena recipients from incurring "significant" compliance costs regardless of subpoena's propriety.[22] Instead of sorting through myriad factors to determine the propriety of a subpoena—as with Rule 45(d)(1)—Rule 45(d)(2)'s standard is far simpler. To shift costs, a subpoena recipient need show only that: (1) it will incur "expenses" complying with the subpoena; and (2) those expenses are "significant."[23] If a court is satisfied that the expenses to the subpoenaed party will be "significant," then Rule 45(d)(2) requires the court to "order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'"[24]

Although the standard under Rule 45(d)(2) is more straightforward and the remedy less discretionary than under Rule 45(d)(1), getting to cost-shifting under Rule 45(d)(2) is more intricate. Rule 45(d)(2)(B) provides:

---

[19] *Id.* at *23 (determining that requesting party's "willingness to narrow the scope of its subpoena" was relevant to concluding that sanctions under Rule 45(d)(1) were not appropriate).

[20] *Legal Voice*, 738 F.3d at 1185.

[21] Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment.

[22] Fed. R. Civ. P. 45(d)(2)(B)(ii).

[23] *Legal Voice*, 738 F.3d at 1184 ("[O]nly two considerations are relevant under [Rule 45(d)(2)]: '[1] whether the subpoena imposes expenses on the non-party, and [2] whether those expenses are "significant."'" (quoting *Linder v. Calero-Portacarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001)) (second and third alterations in original)).

[24] *Id.* (quoting *Linder*, 251 F.3d at 182).

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises-- or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>
> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.[25]

Breaking this provision down to plain English, a subpoenaed party can obtain cost-shifting protections under Rule 45(d)(2) only if: (1) the subpoenaed party timely serves objections on the requesting party; (2) the requesting party moves to compel a response;[26] and (3) the court orders the subpoenaed party to produce responsive information and finds that compliance with the court's order will require the responding party to incur significant expenses.[27] If this process is

---

[25] Fed. R. Civ. P. 45(d)(2)(B)(i)-(ii).

[26] Some courts also accept a motion for protective order from the objecting non-party as a suitable substitute for a motion to compel. *See, e.g.*, *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 262-63 (D. Del. 1992).

[27] *United States v. McGraw-Hill*, 302 F.R.D. 532, 534 (C.D. Cal. 2014) ("If a court orders a non-party to comply with a subpoena over that non-party's objection, then the court must shift any significant expenses resulting from compliance to the requesting party." (quotations and citations omitted)); *Williams*, 178 F.R.D. at 113 ("The relief provided by Rule 45([d])(2)(B) applies when a motion to compel is filed in response to an objection to a subpoena."); Sedona Conference, *Commentary on Rule 45 Subpoenas to Non-Parties, Second Edition*, 22 Sedona Conf. J. 1, 55 (2021) ("A court order compelling the non-party to comply with the subpoena and produce the requested documents . . . at a significant expense to the non-party satisfies the third condition before a non-party can seek reimbursement for costs under Rule 45(d)(2)(B)(ii)'s mandatory cost-shifting provision.").

not followed, the court cannot rely on Rule 45(d)(2)'s cost-shifting provisions, which precludes the court from delving into the numerous factors as to whether a non-party's costs constitute "expenses" and are "significant."[28]

### C. The Applicable Rule 45(d) Burdens and Standards as to BPI's Motion.

The court limits its analysis to the standards and burdens of Rule 45(d)(1) for two reasons. First, although BPI's motion at times discusses "cost-shifting" and relies on cases that apply the Rule 45(d)(2) standard, it appears to focus on seeking sanctions against Plaintiffs, which is the stuff of Rule 45(d)(1). Second, even if BPI wanted to avail itself of Rule 45(d)(2)'s cost-shifting provisions at this point, it cannot because no court has entered an order compelling BPI to respond to the subpoena and finding that BPI would incur expenses that are significant in order to comply with the court's order. Consequently, the court must review Plaintiffs' subpoena not as to whether it caused BPI to incur expenses that are significant but whether it constituted a "misuse" of the subpoena process under the myriad factors discussed in section I.A. above.

## II. BPI Cannot Show That Plaintiffs' Subpoena Is Sanctionable Under Rule 45(d)(1).

BPI has not carried its burden to show that Plaintiffs' subpoena was so unreasonable as to be sanctionable. As a threshold matter, BPI has not made any showing that Plaintiffs' subpoena was issued in bad faith,[29] for an improper purpose, in violation of existing law, or was unsigned.

---

[28] Sedona Conference, *Commentary on Rule 45 Subpoenas to Non-Parties, Second Edition*, 22 Sedona Conf. J. 1, 58-70 (2021) (discussing the factors for "expenses" and "significant" under Rule 45(d)(2)'s cost-shifting provisions).

[29] Although BPI argues that the subpoena was issued in bad faith, it bases its argument on a conclusory statement that the subpoena constituted a "fishing expedition," and, therefore, the subpoena was issued in bad faith. ECF No. 1 at 9. Thus, BPI's bad faith argument is really geared toward the breadth of the subpoena, which the court addresses below.

Instead, BPI heavily focuses on the Rule 45(d)(1) factors concerning the breadth of the subpoena.[30] In this discussion, BPI also contends that Plaintiffs' failure to direct discovery to the named parties in the Oregon litigation amounts to sanctionable conduct under Rule 45(d)(1). The court addresses each argument in turn below.

    A.  <u>The Breadth of the Requests, Their Relevance to the Oregon Litigation, and Plaintiffs' Willingness to Negotiate the Subpoena's Scope Militate Against Sanctions</u>.

Although the court agrees that some of the requests in the subpoena are overly broad, they do not cross the line into sanctionable conduct. BPI correctly notes that some of the subpoena requests use omnibus terms such as "all" and "relating to," which are usually frowned upon.[31] However, Plaintiffs mitigated the breadth of these terms by narrowing the class of information with the words following the omnibus terms. Additionally, Plaintiffs' requests appear to seek information relevant to their Lanham Act claims, trade dress claims, and unfair trade practices claims, including damages, among others, in the Oregon litigation. Moreover, Plaintiffs and BPI engaged in negotiations throughout the production to limit the subpoena response burden. Although BPI feels that Plaintiffs should have done more to limit the subpoena's breadth, the parties' arguments show that Plaintiffs were willing to and, in fact, negotiated a narrower

---

[30] BPI also argues that factors such as which party is better able to bear the costs and the interest that the non-party has in the outcome are relevant to Rule 45(d)(1). ECF No. 1 at 9. They are not. The cases on which BPI relies for this proposition were decided under Rule 45(d)(2)'s cost-shifting provisions, and courts rely on those factors, among others, to determine whether a non-party's expenses will be significant. *See generally* Sedona Conference, *Commentary on Rule 45 Subpoenas to Non-Parties, Second Edition*, 22 Sedona Conf. J. 1, 63-67 (2021).

[31] *Schmelzer v. IHC Health Servs., Inc.*, No. 2:19-cv-00965, 2022 WL 16646456, at *6 n.54 (D. Utah Feb. 10, 2022) (stating that "omnibus phrases," such as "relating to," "have been held objectionable unless whatever follows that phrase is clearly and narrowly defined" (quotations and citation omitted)).

scope for their requests. These considerations all militate against imposing sanctions because they do not demonstrate the misuse of the subpoena power.[32]

> B. Although BPI Is a Non-party to the Oregon Litigation, and the Better Practice Is to First Seek Discovery From Litigating Parties, Failure to Do So Does Not Warrant Sanctions Under Rule 45(d)(1).

The court recognizes the factor that favors BPI—namely, that BPI is not a party to the Oregon litigation. The court also agrees with BPI that the practice in civil discovery *should be* that parties to litigation first seek discovery from other parties *before* using Rule 45 subpoenas.[33] However, the case law on this issue is inconsistent, and courts around the nation have, unfortunately, found that subpoenaing non-parties before exhausting discovery from litigating parties is an acceptable practice.[34] Moreover, BPI's authority showing that a requesting party violates Rule 45(d)(1) for not exhausting discovery from litigating parties first is non-existent. Although BPI contends that "[c]ourts consistently hold that Rule 45(d)(1) may be violated when a party fails to seek documents from a party to the litigation,"[35] the case BPI cites does not even

---

[32] *Suncor Energy, Inc.*, 2014 WL 1257762, at *23 (relying upon requesting party's willingness to narrow the scope of the subpoena as evidence of taking reasonable steps to avoid imposing an undue burden under Rule 45(d)(1)).

[33] *See generally* Sedona Conference, *Commentary on Rule 45 Subpoenas to Non-Parties, Second Edition*, 22 Sedona Conf. J. 1, 25 n.24 (2021) (listing numerous cases standing for the proposition that Rule 45 subpoenas should not be used to circumvent a litigating party's obligation to use Fed. R. Civ. P. 34 to obtain documents in litigation).

[34] *See, e.g.*, *Env't Dimensions, Inc. v. Energysolutions Gov't Grp., Inc.*, No. CV 16-1056 WJ/JHR, 2019 WL 1406959, at *4 (D.N.M. Mar. 28, 2019) (rejecting argument that party should first seek documents from another party before seeking from a non-party, noting "there is no absolute rule" prohibiting the practice (quotations and citation omitted)); Sedona Conference, *Commentary on Rule 45 Subpoenas to Non-Parties, Second Edition*, 22 Sedona Conf. J. 1, 25 n.24 (2021) (recognizing inconsistency in cases regarding whether a party must seek discovery first from other parties before using Rule 45).

[35] ECF No. 1 at 6.

mention Rule 45(d)(1), much less impose sanctions for the party's failure to exhaust discovery options with litigating parties first.[36] In fact, BPI fails to cite, and this court cannot find, a single case sanctioning a party under Rule 45(d)(1) for issuing a subpoena *before* seeking discovery from other litigating parties.

      Instead of militating in favor of a sanction, this issue illustrates the importance of the burden under Rule 45(d)(1). Rule 45(d)(1) allows a court to impose a *sanction* for the *misuse* of a subpoena. This sanction standard requires a party to not just metaphorically drive on the shoulder of a metaphorical litigation road but to leave that road entirely. Although this court believes that failing to seek discovery from parties first is akin to drifting over the white line and onto the rough shoulder of the permissible Rule 45 road such that a court should pull the litigator over and ask questions, there are enough courts out there that think that such conduct is unimpaired driving (in the litigation sense). In other words, there are too many courts that align with Plaintiffs' position to say that Plaintiffs should have known better here. To be sure, were this issue presented to the court under Rule 45(d)(2), Plaintiffs' failure to seek discovery from other parties in the Oregon litigation would certainly tilt in favor cost-shifting. But under Rule 45(d)(1), failing to seek discovery from litigating parties first, without more, does not warrant a sanction. Therefore, BPI is not entitled to sanctions under Rule 45(d)(1).

---

[36] *Genus Lifesciences Inc. v. Lannett Co., Inc.*, No. 18-cv-07603-WHO, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (quashing a subpoena under Rule 45(d)(3) for a party's failure to first seek documents from a litigating party).

## ORDER

For the reasons stated above, BPI's Motion for Reimbursement of Reasonable Costs and Fees[37] is DENIED.

IT IS SO ORDERED.

DATED this 9th day of January 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[37] ECF No. 1.